**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **ALEX MAXIM,** | ) | **Case No.: 4:19-cv-3545** |
| **Plaintiff** | ) | |
| **v.** | ) | |
| **BACKCHINA, LLC** | ) | **Jury Demanded** |
| | ) | |
| **Defendant** | ) | |

**OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIM**

Defendant BackChina files this opposition to Plaintiff Maxim's Motion to Dismiss Amended Counterclaim ("Motion").

### I.     BACKGROUND

BackChina is a small, internet publishing company that operates the website www.backchina.com, a "comprehensive information and community portal targeting overseas Chinese and has established itself as the premiere online resources for latest news, literatures, entertainment videos, personal blogs and other information relevant to the overseas Chinese community."[1]  It employs seven individuals and has an office in Pearland.[2]  Maxim, for his part, is an alleged photographer accusing BackChina of infringing an alleged copyright to a photograph of people at an airport security check counter.[3]

BackChina incorporates by reference the other background facts presented in its previous Opposition to Motion to Dismiss and Motion for Leave to File Counter Complaint herein in full.[4] BackChina does take the moment to note that in this case, like other matters brought by the Higbee

---

[1]     Dkt. No. 14, Decl. of Jin at ¶3.
[2]     *Id*.at ¶4.
[3]     4:19-cv-03545, Dkt. No. 1.
[4]     Dkt. No. 14.

firm, certain photographs were posted by outside users on the forum or blog portion of the website.[5] These photographs were posted at the direction of the outside users without BackChina being involved in the selection of the material except as automatically posting it in response to the request of the outside users.[6]   The photographs were only accessible through the website itself and were not modified by BackChina.[7]

In response to these latest actions by Higbee, BackChina brought its declaratory judgment actions.  BackChina then filed an Amended Counter Claim in response to the Court's Order.[8]

## II.     BACKCHINA STATES A CLAIM OF SAFE HARBOR

BackChina's Amended Counter Complaint for Declaratory Judgment of Noninfringement states a defense and a basis for a declaratory judgment on the basis of safe harbor under 17 U.S.C. § 512(c).  First, BackChina provides sufficient facts from which its service provider status can be shown.  It states that "BackChina operates the website www.backchina.com, a "comprehensive information and community portal targeting overseas Chinese and has established itself as the premiere online resources for latest news, literatures, entertainment videos, personal blogs and other information relevant to the overseas Chinese community."[9]  Moreover, Maxim's Motion admits that

> BackChina is the owner and operator of the website www.backchina.com ("Defendant's Website"). Defendant's Website is a Chinese language news site primarily targeted towards the Chinese community, which Maxim is informed and believes, garners millions of unique visitors per month generating substantial advertising revenues for BackChina.[10]

---

[5]      Dkt. No. 14, Decl. of Jin at ¶6.
[6]      *Id*. at ¶7.
[7]      *Id*. at ¶8.
[8]      Dkt. No. 16.
[9]      Dkt. No. 18 at ¶7.
[10]     Dkt. No. 20 at 1-2.

The statute defines "service provider" as a provider of online services or network access, or the operator of facilities therefor.[11]  This definition is understood as "clearly meant to cover more than mere electronic storage lockers."[12]  Rather, "§ 512(c) safe harbor extends to software functions performed 'for the purpose of facilitating access to user-stored material.'"[13]  That is exactly the description of the function backchina.com performs when it makes user submitted material available to its readership.  Thus, BackChina is a service provider.

Next, Maxim disputes whether the Amended Counter Complaint adequately puts them on notice of BackChina's allegation that the photograph(s) in question were placed on backchina.com at the direction of a *user*.[14]  This argument relies on a hyper-technical definition of "user" that courts have rejected.[15]  BackChina alleged the photographs in question were posted by "others," i.e. users.[16]  Thus, the photograph(s) in question were posted at the direction of a user(s).

Regarding the argument about a copyright agent, Maxim's Motion relies on an incorrect interpretation of the safe harbor provision of the Copyright act.[17]  Maxim should know better as its

---

[11]     17 U.S.C. § 512(k)(1)(B).
[12]     17 U.S.C. § 512(k)(1)(A).
[13]     *Viacom Int'l v. YouTube, Inc.*, 676 F.3dd 19, 39 (2nd Cir. 2012).
[14]     Dkt. No. 20 at 4 (emphasis in original).
[15]     "The dictionary definition of "user" is "one that uses," and the definition of "use" is "to put into action or service: to avail oneself of" or "to carry out with a purpose or action by means of." *Merriam-Webster's Collegiate Dictionary* 1297 (10th ed. 2001). If these definitions are applied to § 512(c)(1), then "user" describes a person or entity who avails itself of the service provider's system or network to store material. This description is consistent with the generally understood meaning of the term in the DMCA context. *See Viacom*, 676 F.3d at 39 (referring to "users" both as persons who upload content to YouTube and persons who access YouTube to view uploaded content); *UMG II*, 718 F.3d at 1018 (same)." *BWP Media USA, Inc. v. Clarity Digital Group, LLC*, C.A. 14-cv-00467-PAB-KMT, 2015 U.S. Dist. LEXIS 42211 at *19 (D. Colo. Mar. 31, 2015).
[16]     Dkt. No. 18 at ¶11.
[17]     17 U.S.C. 512(c).

counsel, Higbee and associates, lost on this very issue in *Sadowski v. Internet Brands, Inc.*[18]

Maxim's argument that BackChina cannot rely on the safe harbor provision without naming a

registered agent with the Copyright office is not correct.

> The safe harbor protects service providers from liability unless they have
> knowledge of copyright infringement. There are three types of knowledge of
> infringement that can take a service provider out of the safe harbor: (1) the service
> provider can have actual knowledge of infringement; (2) it can be aware of facts
> which raise a "red flag" that its users are infringing; or (3) the copyright owner can
> notify the service provider in a manner "substantially" conforming with § 512 (c)(3)
> that its works are being infringed.[19]

Here, BackChina had no knowledge under (1) or (2) and received no notice prior to suit from

Maxim.  Hence, BackChina remained at all times protected by the safe harbor provision.

Accordingly, BackChina has sufficiently pled its safe harbor claim.

### III.   BACKCHINA STATES CLAIMS OF FAIR USE, *SCENES A FAIRE*, AND *DE MINIMUS* USE WILL ESTABLISH PRECEDENT AND INCLUDE A REQUEST FOR A NON-DUPLICATIVE REMEDY

Maxim alleges that BackChina's other Counter Claims are duplicative.  BackChina's

Counter Claims are important to it because the Higbee firm is bringing seven copyright lawsuits

against BackChina, and BackChina wants to set precedent in this case that will apply against the

Higbee plaintiffs in their other cases.  Maxim also ignores, that BackChina seeks an award of

attorneys' fees under 28 U.S.C. § 2202.  While BackChina is entitled to attorneys' fees against

counsel for Maxim under 28 U.S.C. § 1927 and against Maxim under 17 U.S.C. §505, 28 U.S.C.

§ 2202 offers an independent basis for attorneys' fees, and, thus, Maxim is incorrect that

BackChina's counterclaim "does not add anything new to the case for the Court to adjudicate."[20]

---

[18]   No. 2:18-cv-704-ODW, 2018 U.S. Dist. LEXIS 109431 at *10-11 (C.D. Cal. June 28, 2018).

[19]   *Costar Group, Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 702 (D. Md. 2001).

[20]   Dkt. No. 20 at 9.

Maxim's briefing on *scenes a faire*, while perhaps interesting from a historical standpoint, do not address BackChina's claim on *scenes a faire*.[21]  Moreover, Maxim's argument that a generic picture of people in a security line at an airport is similar in originality to a one hundred year old photograph of Oscar Wilde is not well taken.[22]  *Maxim's* argument regarding *scenes a faire* improperly ignores the fact that BackChina has not yet had the opportunity to complete discovery in this case.  BackChina intends to depose Mr. Maxim regarding his photographs, but discovery closes in November.  Accordingly, it is premature to adjudicate the *scenes a faire* defense.

Regarding the *de minimus* use defense, Maxim has not identified any actual damages in this case.  Instead, he relies entirely on statutory damages.  Moreover, courts have recognized that questions of the substantial similarity between the accused material and the copyrighted work— for example questions arising from a *scenes a faire* analysis—can be sufficient to support a *de minimus* claim.[23]  Again, Maxim's allegations are insufficient to dispose of BackChina's *de minimus* claim, and it is premature to do so.

## IV.      CONCLUSION

For all the above reasons, the Court should deny Maxim's Motion to Dismiss Amended Counterclaim.  Alternatively, BackChina requests leave to amend its Counterclaim to allege additional facts as the Court sees fit.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III

---

[21]      *Id*. at 9-12.

[22]      *Compare* Dkt. No. 1-1 with description of Wilde photograph at Dkt. No. 20 at 10-11.

[23]      *Compaq Computer Corp. v. Ergonome Inc.*, 137 F. Supp. 2d 768, 780-81 (S.D. Tex. 2001) (in the context of a declaratory judgment action, copyright holder Ergonome not entitled to summary judgment on alleged infringer Compaq's *de minimus* claim).

William P. Ramey, III
Texas Bar No. 24027643
SD Bar No. 27206
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for BackChina***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served today August 7, 2020, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III